UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLENE COOPER,

    Plaintiff,

vs.                                                    Case No. 8:23-cv-00401-MSS-TGW

LAKELAND LINCOLN-MERCURY, INC.,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL**
**WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, Charlene Cooper ("Plaintiff"), and Defendant, Lakeland Lincoln-Mercury, Inc. ("Defendant"), by and through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement in this action and for dismissal with prejudice of the instant action. In further support, the Parties state as follows:

    1.    Plaintiff filed suit in the United States District Court, Middle District of Florida under the case style <u>Charlene Cooper v. Lakeland Lincoln-Mercury, Inc., Case No. 8:23-cv-00401-MSS-TGW.</u>

    2.    Plaintiff claims to be owed back overtime wages pursuant to the Fair Labor Standards Act by and against Defendant for work allegedly performed for Defendant.

1

3. Defendant denies all liability and believe that it would ultimately prevail on all issues in this or any other action by Plaintiff, but believe the Settlement Agreement and Mutual General Release entered into by the Parties (the "Settlement Agreement") to be in its best interest due to anticipated costs in legal expenses and distraction of personnel from their normal duties.

4. The defenses that would be raised by Defendant, and the legal authorities and evidence in support of those defenses, make any recovery to Plaintiff uncertain, and the amount she might recover if she does prevail is also uncertain. The proposed settlement is for amounts that Plaintiff agrees to accept as full compensation for any wages, minimum and overtime, or other damages that may be due, and for a general release and waiver of re-employment that Plaintiff agrees to be fair and reasonable given the facts and circumstances, and the risk that a court may find that Plaintiff is entitled to no back overtime wages or other damages, as well as the additional and valuable consideration being provided to Plaintiff as set forth in the Settlement Agreement.

5. In addition to the compensation being provided to Plaintiff under the terms of the Settlement Agreement, Plaintiff is being provided additional and valuable consideration for the inclusion of a general release and waiver of reemployment in the Settlement Agreement.

6. As set forth in the Settlement Agreement, the additional consideration being provided to Plaintiff in exchange for her execution of the Settlement Agreement includes a general release in favor of Ms. Cooper, as well as an additional payment of $1,000.00 above and beyond the settlement payments for Ms. Cooper's FLSA claim.

7. To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice as to all of Plaintiff's claims, including Plaintiff's FLSA claims. After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

## **MEMORANDUM OF LAW**

There are two ways in which claims for overtime compensation under the FLSA may be compromised or released by an employee. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. Id. The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The

> employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. Dail v. George A. Arab, Inc., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

## I. The Settlement

Under the terms of the Settlement Agreement, [1] Defendant shall pay Plaintiff the following sums, in addition to a payment of attorneys' fees and costs:

> a.) One check in the amount of $2,000.00 as W-2 wages, subject to all taxes and other withholding requirements imposed by law;
>
> b.) One check in the amount of $2,000.00 as liquidated damages, with a Form 1099 issued; and
>
> c.) One check in the amount of $1,000.00 as additional and valuable consideration in exchange for the mutual release and waiver of re-employment provision contained in this Agreement.

---

[1] The Settlement Agreement is **Exhibit "A"** to this Joint Motion.

4

The settlement payments were negotiated while taking into account the merits of both Plaintiff's claims and Defendant's defenses to those claims.

The Settlement Agreement contains a mutual general release and waiver of re-employment. While the Parties recognize that such provisions are generally disfavored in FLSA settlement agreements, the Parties believe that the inclusion of a mutual general release and waiver of re-employment provision in the Settlement Agreement positively affects the fairness and reasonableness of the settlement, given that the Settlement Agreement resolves all claims asserted by Plaintiff against Defendant (both in the Lawsuit and the potential FMLA retaliation claim) and given that Plaintiff is being provided additional and valuable consideration in exchange for the additional provisions of the Settlement Agreement. A general release was necessary to resolve the Lawsuit, given Ms. Cooper's threatened FMLA retaliation claim.

Defendant's agreement to provide Ms. Cooper with a general release and an additional monetary payment of $1,000.00 provides additional and sufficient consideration for the inclusion of the additional terms in the Settlement Agreement. Accordingly, given that Plaintiff is being provided additional and valuable consideration in exchange for these provisions, the inclusion of these provisions is proper in the Settlement Agreement. See, e.g., Siebert v. Novak Envtl. Services, LLC., 218CV796FTM99MRM, 2019 WL 2929545, at *5 (M.D. Fla. July 7,

2019), report and recommendation adopted, 218CV796FTM38MRM, 2019 WL 2929544 (M.D. Fla. July 8, 2019) (approving various non-cash concessions where additional consideration is provided); Smith v. Aramark Corp., 6:14-CV-409-ORL, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving settlement agreement containing general release, confidentiality, and non-disparagement provisions where plaintiff received additional consideration for such provisions); Caamal v. Shelter Mortg. Co., L.L.C., 6:13-CV-706-ORL-36, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) ("a number of cases have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that went beyond the release of the FLSA claim"); Bacorn v. Palmer Auto Body & Glass, LLC, 6:11-CV-1683-ORL-28, 2012 WL 6803586, at *2 (M.D. Fla. Dec. 19, 2012), report and recommendation adopted, 6:11-CV-1683-ORL-28, 2013 WL 85066 (M.D. Fla. Jan. 8, 2013) (approving a settlement agreement where employee signed a general release in exchange for a mutual release from employer).

## II.   "Bona Fide" Disputes Exist

Lynn's Food Stores permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." Dees, 706 F. Supp. at 1241. Parties requesting review of an FLSA settlement must provide enough information to the Court to examine the bona fides of the FLSA dispute. Id.

The Parties dispute whether Plaintiff actually worked more than forty (40) hours in any given workweek. More specifically, Defendant maintains that the evidence, including its time records, would negate any claim that Plaintiff worked more than forty (40) hours in any given workweek. Accordingly, a bona fide dispute exists.

### III. All Factors Relevant to the "Fairness" of the Settlement Weigh in Favor of Approval

Although Lynn's Food Stores determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. See Dees, 706 F. Supp. 2d at 1240. This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

Id. at 1241 (citations omitted). Here, all factors weigh in favor of approval of the settlement.

#### a. *There is no fraud or collusion behind the settlement.*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. See

Bonilla v. Shiner's Car Wash, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. There was no fraud or collusion behind the settlement.

    b. *<u>The complexity, expense, and length of future litigation militate in favor of the settlement.</u>*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. Both sides would bear some risk if the case proceeds to trial. With respect to all of Plaintiff's claims, Plaintiff would risk recovering nothing on her claims, and Defendant would risk the possibility of an adverse judgment and fee award.

    c. *<u>The stage of the litigation weighs in favor of approval of the settlement.</u>*

The Parties were able to resolve this matter at the outset of the litigation and prior to significant efforts being made in relation to discovery, motions for summary judgment, and trial preparation. If the Parties are required to litigate, each side will incur fees and costs that may quickly exceed the amount of overtime compensation and other damages at issue. Thus, the stage of the litigation weighs in favor of approval of the settlement.

    d. *<u>Plaintiff's probability of success on the merits is uncertain.</u>*

Plaintiff's probability of success on the merits is not a certainty. Defendant denies Plaintiff's allegations and contend that Plaintiff did not work more than

8

forty (40) hours in a given workweek. While Plaintiff might ultimately prevail if the case proceeds to trial, it is likewise possible Defendant will establish Plaintiff did not work more than forty (40) hours in a given workweek, and Plaintiff will recover nothing.

    *e.* *The Parties weighed the opinions of counsel in deciding whether to settle.*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle.

### IV. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

This Court noted in Dees that a compromise must award the plaintiff's counsel a reasonable fee. See Dees, 706 F. Supp. 2d at 1243. The Court need not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); see also Dees, 706 F. Supp. 2d at 1243 (quoting Bonetti). Such is the case here. The Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## **CONCLUSION**

The Parties respectfully request the Court to approve the settlement of this action. The settlement sum fairly balances the amount Plaintiff would seek at trial against the risk that Plaintiff might recover nothing if the case were to proceed. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

*WHEREFORE*, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Respectfully submitted this 9th day of May, 2023.

| LEE LAW, PLLC | PETERSON & MYERS, P.A. |
|---|---|
| By: */s/ Kyle J. Lee* <br> Kyle J. Lee, Esq. <br> Florida Bar No. 105321 <br> 1971 West Lumsden Road, Suite 303 <br> Brandon, FL 33511 <br> Telephone: (813) 343-2813 <br> Kyle@KyleLeeLaw.com <br> *Attorneys for Plaintiff* | By: */s/ Nicholas L. Sellars* <br> Nicholas L. Sellars <br> Florida Bar No. 0119379 <br> P. O. Box 24628 <br> Lakeland, FL 33802-4628 <br> Telephone: (863) 683-6511 <br> Fax: (863) 682-8031 <br> nsellars@petersonmyers.com <br> nlsservice@petersonmyers.com <br> *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

	HEREBY CERTIFY that on this 9th day of May, 2023, I electronically filed the foregoing with the using the CM/ECF system which has served the following counsel or record via email:

Kyle J. Lee, Esq.
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
kyle@kyleleelaw.com

									*/s/ Nicholas L. Sellars*
									Nicholas L. Sellars