UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLENE COOPER,

     Plaintiff,

v.                                  Case No: 8:23-cv-401-MSS-TGW

LAKELAND LINCOLN MERCURY,
INC.,

     Defendant.

_____

## ORDER

This **CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice. (Dkt. 14) The Parties request that the Court approve the settlement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims and dismiss this case with prejudice. (Id.)

An FLSA claim can be settled and resolved in one of two ways. First, an employee may settle and waive an FLSA claim if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive an FLSA claim if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the settlement

agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

Plaintiff Charlene Cooper was hired to work for Defendant Lakeland Lincoln-Mercury, Inc., as an office worker. (Dkt. 1 at ¶ 9) Plaintiff commenced this action against Defendant for allegedly violating the FLSA when Defendant failed to pay her overtime wages. (Dkt. 1) Defendant denies these allegations. (Dkt. 9) Now, the Parties represent that they have reached an agreement to resolve the dispute. (Dkt. 14)

In exchange for, inter alia, a release from all liability, Defendant has agreed to pay to Plaintiff a Settlement Sum of (a) $2,000.00, as W-2 wages, subject to all taxes and other withholding requirements imposed by law; (b) $2,000.00, as liquidated damages with a Form 1099 issued; and (c) $1,000.00 as additional and valuable consideration in exchange for the mutual release and waiver of re-employment provision contained in the Settlement Agreement. (Dkt. 14-1) The settlement sum is to be paid according to the disbursement plan outlined in paragraph 10 of the Terms section of the Settlement Agreement. (Id. at 8) The Parties represent that the Settlement Agreement reflects a fair and reasonable compromise of the disputed claims, especially considering the complexity of the case, the defenses raised, costs of litigation, and the uncertainty of trial. (Dkt. 14 at 7-9) The Parties further advise that they negotiated the attorneys' fees figure separately and without regard to amount paid to the Plaintiff. (Id. at 9)

Upon review of the Settlement Agreement, the Court finds that the Parties' Settlement Agreement is fair and reasonable. The Court's approval of this Settlement

Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1. The Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, (Dkt. 14), is **GRANTED**.

2. The Settlement Agreement (Dkt. 14-1) is **APPROVED** and shall **GOVERN** the parties' conduct in settlement of this civil action.

3. Defendant shall disburse the settlement Sum, including attorney's fees and costs, as set forth herein and in paragraph 10 of the Terms section of the Parties' Settlement Agreement.

4. This case is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, except as specified in the Parties' Settlement Agreement. **No retainer agreement between the Plaintiff and counsel shall override or alter the amount of settlement proceeds due to the Plaintiff in accordance with the terms of the settlement agreement as approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

5.       The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida this 11th day of May 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party